## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

WILLIAM BOSTON,                              :
                                             :
            Petitioner,                      :        Civ. No. 19-14954 (RBK)
                                             :
      v.                                     :
                                             :
BRUCE DAVIS, et al.,                         :        **OPINION**
                                             :
                                             :
            Respondents.                     :
_____     :

**ROBERT B. KUGLER, U.S.D.J.**

      Petitioner is a state prisoner currently incarcerated at New Jersey State Prison.  He is

proceeding with a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Before

the Court is Respondents' motion to dismiss the Petition as untimely.  Petitioner filed an

Opposition, and Respondents did not file a reply. (ECF No. 8.)  For the reasons set forth below,

the Court will grant Respondents' motion and dismiss the Petition with prejudice.

## I.      BACKGROUND

      On August 3, 2007, after a jury trial, the New Jersey Superior Court sentenced Petitioner

to an aggregate term of fifty-five years in prison, subject to the No Early Release Act, for murder

and related charges. *State v. Boston*, No. A-1483-15T1, 2017 WL 5988059, at *1 (N.J. Super. Ct.

App. Div. Dec. 4, 2017).  He filed a notice of appeal with the New Jersey Superior Court, Appellate

Division, on March 24, 2008, and that court affirmed on August 21, 2012. (ECF No. 6-8.)  At some

point[1] thereafter, Petitioner filed a petition for certification to the Supreme Court of New Jersey,

_____

[1] Respondents contend that they were unable to obtain a copy of Petitioner's petition for certification or his notice of petition.

and that court denied certification on January 16, 2013. (ECF No. 6-10.)  Petitioner did not seek certiorari from the United States Supreme Court.

Petitioner then filed a petition for post-conviction relief ("PCR") with the New Jersey Superior Court, dated February 11, 2013, and marked filed on March 3, 2013. (ECF Nos. 6-11; 6-12.)  The PCR court appointed counsel, noting that Petitioner's filing was more than five years after the date of his judgment of conviction.  The court directed Petitioner and counsel to submit an amended petition to address the timeliness issue. (ECF No. 6-13.)

On May 27, 2015, the PCR court denied the PCR petition as untimely and without merit. (ECF No. 6-14.)  In its opinion, the court emphasized that despite an order to do so, Petitioner and counsel failed to address the timeliness issue or provide any reason for tolling.

On December 9, 2015, Petitioner filed a PCR appeal and a motion to file as within time with the Appellate Division. (ECF Nos. 16, 17.)  The Appellate Division granted Petitioner's motion to file as within time on January 5, 2016. (ECF No. 6-18.)  Thereafter, on December 4, 2017, the Appellate Division affirmed the PCR court's decision, and found that the petition was time barred and otherwise meritless. (ECF No. 6-19.)

Next, Petitioner filed a petition for certification and a motion to file as within time on February 21, 2018, with the New Jersey Supreme Court. (ECF No. 6-20.)  On April 4, 2018, that court granted Petitioner's motion to file  as within time. (ECF No. 6-23.)  Ultimately, on September 24,[2] 2018, the New Jersey Supreme Court denied certification. (ECF No. 6-24.)

Petitioner filed the instant Petition on July 10, 2019, raising, among other things, a wide variety of evidentiary challenges, ineffective assistance of counsel claims, and trial court errors.

---

[2] In the instant Petition, Petitioner erroneously contends that this denial occurred on October 24, 2018. (*Compare* ECF No. 1, at 19, *with* ECF No. 6-24.)

In response, Respondents filed a motion to dismiss this matter as untimely, and Petitioner filed an Opposition.  Respondents did not file a reply.

## II.      STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004).  A court addressing a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there."  28 U.S.C. § 2243.

Thus, "[f]ederal courts . . . [may] dismiss summarily any habeas petition that appears legally insufficient on its face."  *McFarland*, 512 U.S. at 856.  More specifically, a district court may "dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits . . . that the petitioner is not entitled to relief." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## III.      DISCUSSION

As mentioned above, Respondents contend that the instant Petition is untimely.  Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  That limitations period begins to run when the criminal judgment becomes "final."[3]  A state-court criminal judgment becomes "final" within the meaning

---

[3] The statute states in full, that the limitation period shall run from the latest of:

of § 2244(d)(1) at the conclusion of direct review or at the expiration of time for seeking such review. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *see also* 28 U.S.C. § 2244(d)(1)(A).

As discussed above, Petitioner completed his direct appeals on January 16, 2013, and his judgment became final on April 17, 2013, after the time to seek certiorari from the Supreme Court had expired. *Swartz*, 204 F.3d at 419 (holding that judgments become final at the conclusion of direct review which includes the ninety days' time for filing a petition for writ of certiorari). Accordingly, Petitioner's habeas time started on April 18, 2013, and absent tolling or other considerations, his habeas petition was due one year later, by April 18, 2014. Consequently, as Petitioner did not file the instant Petition until July of 2019, his petition is untimely unless he can justify tolling the limitations period.

_____

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence ....

28 U.S.C. § 2244(d)(1).  There is no indication that any subsection other than (A) is applicable here.

4

### A. Statutory Tolling

First, Petitioner contends that his state PCR proceedings toll enough time to render the instant Petition timely.  In general, the filing of a PCR petition may statutorily toll (*i.e.*, suspend) the running of the one-year habeas limitations period.  *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").  A prisoner's application for state collateral review is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)).

A timely PCR petition filed during the one-year period will suspend its running; it will not, however, revive a one-year period that has already expired.  *See Long v. Wilson*, 393 F.3d 390, 394–95 (3d Cir. 2004) ("The state habeas petition had no effect on tolling, because an untimely state post-conviction petition is not properly filed for purposes of tolling and, in any event, the limitations period had already run when it was filed.").

On the other hand, an untimely PCR petition "is not properly filed for the purposes of tolling." *Id.*; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).  As a result, if a state court determines that a PCR petition is untimely, that is  "the end of the matter" for the purposes of statutory tolling. *Pace*, 544 U.S. at 414; *Jenkins*, 705 F.3d at 85–86.

Under New Jersey law, prisoners must file their first PCR petition "no more than five years after the date of entry of the judgment of conviction," unless he "alleges facts showing that the delay was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true, enforcement of the time bar would result in a

5

fundamental injustice." N.J. Ct. R. 3:22-12(a)(l); *Palomino v. State of New Jersey*, No. 15-2090, 2016 WL 3556599, at *2 (D.N.J. June 29, 2016).

In the present case, the PCR court ruled that Petitioner's PCR petition was untimely. (ECF No. 6-14, at 2.)  Prior to that ruling, the PCR court ordered Petitioner and his counsel to allege "facts demonstrating excusable neglect and why a fundamental injustice would result from dismissing the petition as untimely," but "[s]uch a statement was not filed." (*Id*. at 10.)

Consequently, as Petitioner's judgment of conviction is dated August 3, 2007, and because he did not file his first PCR petition until March 4, 2013, the PCR court denied the petition as untimely. (*Id*. at 2, 12.)  The court also noted, that although Petitioner's direct appeals were pending throughout some of that time, "an appeal does not toll the 5-year time limit" on PCR petitions.  (*Id*. at 12 (citing *State v. Dillard*, 506 A.2d 848, 850 (N.J. Super. Ct. App. Div. 1986)).); *Hodges v. Attorney Gen. of New Jersey*, No. 15-5951, 2020 WL 3264068, at *2 (D.N.J. June 16, 2020).  Additionally, the PCR court alternatively denied the petition as substantively meritless. (ECF No. 6-14, at 2.)

The Appellate Division affirmed for substantially the same reasons.  In particular, the Appellate Division specifically ruled that the PCR petition was time-barred, and that Petitioner failed to demonstrate excusable neglect or fundamental injustice that would excuse his late filing. (ECF No. 6-19, at 4, 6.)

Although these courts alternatively decided Petitioner's claims on the merits, the United States Supreme Court has held that this has no bearing on the fact that the PCR petition was untimely. *See Pace*, 544 U.S. at 414.  A finding that a PCR petition is untimely is "the end of the matter, regardless of whether [the opinion] also addressed the merits of the claim or whether its timeliness ruling was 'entangled' with the merits." *Id.* (quoting *Carey v. Stafford*, 536 U.S. 214,

226 (2002)).  Moreover, in his Opposition, Petitioner fails to address the timeliness of his state PCR petition.

For all of those reasons, because Petitioner's PCR petition was untimely and therefore, not "properly filed," he is not entitled to statutory tolling for the pendency of his PCR proceedings. Consequently, as discussed above, Petitioner's § 2254 Petition was due one year after the conclusion of his direct appeals, on April 18, 2014.  Since Petitioner filed the instant Petition on July 10, 2019, he filed the Petition at least five years beyond the AEDPA's one-year limitations period.

### B.  Equitable Tolling

Next, Petitioner argues that if the instant Petition is untimely, the Court should equitably toll any remaining time because he "has been diligent in pursuing his remedies in state court." (ECF No. 8, at 5–6.)  Petitioner emphasizes that he filed his first state PCR petition less than a month after the conclusion of his direct appeals. (*Id*. at 6.)

 "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.  "There are no bright lines in determining whether equitable tolling is warranted in a given case."  *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011).  The Third Circuit explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine."  *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399)

For equitable tolling to apply, the Third Circuit elaborated on the requirement of reasonable diligence:

> [t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence, [citing *Holland v. Florida*, 560 U.S. 631, 653 (2010)]. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) . . . . The fact that a petitioner is proceeding *pro se* does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross*, 712 F.3d at 799–800.  A court may find extraordinary circumstances where: (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001).  However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."  *Id.* (citations omitted).

Turning first to whether Petitioner was reasonably diligent, Petitioner emphasizes that he was diligently pursuing his *state* remedies.  Petitioner does not, however, explain how he has diligently pursued his *federal* rights.

In order to diligently pursue his federal rights, Petitioner "needed to file his habeas petition" within a year of when his judgment of conviction became final "and request a stay and abey of his habeas petition while he litigated" his planned PCR claims. *See, e.g.*, *Bennett v. Clark*, No. 16-3687, 2017 WL 6758399, at *5 (E.D. Pa. Feb. 1, 2017), *report and recommendation adopted*, 2017 WL 6731622 (E.D. Pa. Dec. 29, 2017) (citing *Darden v. Sobina*, 477 F. App'x 912, 918 (3d Cir. 2012) (finding that petitioner failed to diligently pursue his federal rights by not filing a "protective" federal petition while pursuing state collateral relief)).  Petitioner could have, but failed, to file a protective § 2254 petition.

8

Nor does Petitioner allege that extraordinary circumstances prevented his timely filing. Ultimately, Petitioner fails to argue that "there was an obstacle *beyond Petitioner's control that necessarily prevented* him from filing a timely petition, [and] there is no basis for equitable tolling." *Phillips v. D'Illio*, No. 15-2884, 2016 WL 54673, at *4 (D.N.J. Jan. 4, 2016) (arriving at the same conclusion in a case where PCR counsel failed to file a protective petition) (emphasis added). Accordingly, the Court finds that Petitioner's failure to demonstrate reasonable diligence and extraordinary circumstances preclude "equitable tolling of his federal habeas petition, and absent such tolling, his [P]etition was untimely." *Darden*, 477 F. App'x at 918. Consequently, the Court will grant Respondents' motion and dismiss the Petition with prejudice.

## IV.    CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, a litigant may not appeal from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not disagree with the Court's conclusion that the Petition is untimely under the AEDPA. Accordingly, the Court will not issue a certificate of appealability.

## V.    CONCLUSION

For the foregoing reasons, the Court will grant Respondents' motion to dismiss, dismiss the Petition with prejudice, and will not issue a certificate of appealability.  Additionally, the Court will deny Petitioner's motion for an evidentiary hearing and to appoint counsel as moot.  An appropriate Order follows.

Dated:  February  25th , 2021                    s/Robert B. Kugler
                                                 ROBERT B. KUGLER
                                                 United States District Judge